THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
GWENDOLYN M. GAMBLE (CA Bar No. 143267)
Assistant United States Attorney

    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Email: gwen.gamble@usdoj.gov
    Telephone: (213) 894-6684
    Fax:      (213) 894-7819

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALLAN STEVEN BOREN, | No. CV 08-0676 PA (CWx) |
|     Plaintiff, | **PROTECTIVE ORDER** |
|        v. | |
| UNITED STATES, et al., | Honorable Percy Anderson |
|     Defendants. | |

Pursuant to the Joint Stipulation for Protective Order filed by the parties herein,

IT IS HEREBY ORDERED that:

Defendant United States is permitted to produce 1) Defendant

Doucet's BOP disciplinary file, 2) records from Doucet's BOP official personnel file ("OPF"), 3) Doucet's BOP training records, 4) OIG Case Number 2003-007182 Report of Investigation regarding plaintiff, 5) OIG Case Number 2007-001576 Report of Investigation regarding plaintiff, 6) plaintiff's interview(s) in OIG Case Number 2006-008854, 7) plaintiff's interview(s) in OIG Case Number 2006-006767, 8) plaintiff's USPO Pre-sentence Report/Addendums maintained in plaintiff's BOP central inmate file and used by the BOP regarding plaintiff's custody classification, 9) plaintiff's BOP Special Investigative Supervisor ("SIS") September 19, 2006 interview; 10) plaintiff's BOP SIS October 10, 2006 interview; 11) plaintiff's BOP Residential Drug Abuse Program records; and 12) BOP Employee Services Manager Maria Bellino for testimony regarding matters which are the subject of Doucet's BOP disciplinary file, BOP OPF, and BOP training records (hereinafter items 1-12 are collectively referred to as the "Protected Information").

The Protected Information documents will be redacted prior to disclosure to remove 1) the names of non-parties referred to therein, 2) personal data identifiers contained therein (if any) such as social security numbers, birth dates, FBI numbers, financial account numbers, and home addresses, and 3) financial data (if any) for Doucet and non-parties, such as wage and property records.

The Protected Information shall be used by the parties, counsel, experts, consultants and witnesses only for the purpose of this litigation, and not for any other purpose whatsoever.

The Protected Information, and/or contents thereof, shall be disclosed only to:

1. counsel of record for the parties;
2. plaintiff and defendant Doucet, who shall be permitted to review the Protected Information in the presence of counsel of record, but shall not be given a copy thereof, provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A;
3. expert consultants/witnesses, who are retained or consulted by the parties for the purposes of providing testimony or performing other services relating to this action, provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A; or
4. non-expert witnesses to this action, but only to the extent that disclosure is necessary to question a witness or prepare a witness to be questioned by another party; provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A. Said non-expert witnesses shall be permitted to review the Protected Information in the presence of counsel, but shall not be given a copy thereof to retain.

All documents, pleadings, or transcripts of deposition testimony filed in this litigation, including any appeal, that contain, or disclose the contents of the Protected Information shall be submitted under seal pursuant to Local Rule 79-5 governing confidential court records.

At the conclusion of this litigation, including any appeal taken therefrom, all originals or reproductions of the Protected Information

2

1  shall be returned to defendant United States by plaintiff's counsel
2  and defendant Doucet's counsel within 30 days of the termination of
3  the action, including copies provided to expert consultants/witnesses.
4  This shall not include documents (1) that have been filed with the
5  Court or (2) that contain notations of counsel or experts/consultants,
6  in which case they are to be destroyed by plaintiff's counsel and
7  defendant Doucet's counsel within 30 days of the termination of the
8  action.

9  Upon completion of this action, including any appeal taken
10 therefrom, plaintiff's counsel and defendant Doucet's counsel shall
11 certify to this Court that they have irretrievably destroyed all
12 documents which are the subject of this Stipulated Protective Order.
13 They shall further certify that they have destroyed all copies and/or
14 duplicates, as defined by Rule 1001(4) of the Federal Rules of
15 Evidence, that they have made of such documents.

16 This Stipulated Protective Order is not intended to compromise
17 the rights of any party to object to discovery pursuant to the Federal
18 Rules of Civil Procedure or any other governing authority nor is it
19 intended to alter any burden of proof regarding any assertion of
20 privilege in this matter.  This Stipulated Protective Order permits
21 the United States to produce the Protected Information, but does not
22 constitute an order requiring production.

23 Nothing in this Stipulated Protective Order shall prohibit a
24 party from seeking further protection of the Protected Information by
25 stipulation among the parties, approved by the Court, or by
26 application to the Court directly.

27 Nothing in this Stipulated Protective Order constitutes a waiver
28

3

of any party's right to seek a Court Order permitting the future use and/or production of unredacted copies of the Protected Information.

Nothing in this Stipulated Protective Order constitutes a waiver of defendant United States' right to use, disclose or disseminate the Protected Information in accordance with the provisions of the Privacy Act, any applicable statutory/regulatory provisions, or BOP policies.

Neither the United States Department of Justice, including the BOP and the United States Attorney's Office, nor any of its officers, agents employees, or attorneys, shall bear any responsibility or liability for any disclosure of any documents obtained by the parties under this Stipulation for a Protective Order, or of any information contained in such documents.

This Stipulated Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable or admissible and does not constitute any ruling on any potential objection. Other than explicitly set forth herein this Stipulated Protective Order does not apply to any information or documents subject to a claim of privilege or other basis of exclusion, and this Stipulated Protective Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

DATED: April 23, 2009

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

4

```
 1  PRESENTED BY:

 2  BARRERA & ASSOCIATES
    MAKAREM & ASSOCIATES
 3
    /s/
 4  Patricio T.D. Barrera
    Ronald W. Makarem
 5  Ashley A. Davenport
    Jean-Paul Le Clercq
 6  Attorneys for Plaintiff

 7
    POSNER & ROSEN LLP
 8
    /s/
 9  Michael Posner
    Jason C. Marsili
10  Shannon Dillon
    Attorneys for Defendant
11  WARREN A. DOUCET II

12
    THOMAS P. O'BRIEN
13  United States Attorney
    LEON W. WEIDMAN
14  Assistant United States Attorney
    Chief, Civil Division
15

16  /s/ Gwendolyn M. Gamble
    GWENDOLYN M. GAMBLE
17  Assistant United States Attorney
    Attorneys for Defendant
18  UNITED STATES OF AMERICA

19

20

21

22

23

24

25

26

27

28
                                      5
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ALLAN STEVEN BOREN, | ) | No. CV 08-0676 PA (CWx) |
| Plaintiff, | ) | **AGREEMENT TO BE BOUND BY** |
| v. | ) | **PROTECTIVE ORDER** |
| UNITED STATES, et al., | ) | |
| Defendants. | ) | |

    The undersigned, having read and fully understood the terms of the Protective Order entered by the Court in the above-captioned action, hereby agrees to be bound thereby. The undersigned agrees that the Protected Information as defined by the Protective Order entered by the Court shall be used only for the purpose of this litigation, and not for any other purpose whatsoever. The undersigned agrees not to disseminate or disclose the Protected Information, or contents thereof. If an original or reproduction of any of the above documents has been provided to the undersigned pursuant to the Protective Order, they shall be returned by the undersigned within 10 days to counsel requesting the return of said documents or within 10 days of the conclusion of any work performed by the undersigned in this litigation.

    DATED:

    _____

EXHIBIT A