**MAKAREM & ASSOCIATES, APLC**
Ronald W. Makarem, Esq. (SBN 180442)
Jean-Paul Le Clercq, Esq. (SBN 248818)
11601 Wilshire Boulevard, Suite 2440
Los Angeles, California 90025-1740
Phone: (310) 312-0299; Fax: (310) 312-0296

**BARRERA & ASSOCIATES, PC**
Patricio T.D. Barrera, Esq. (SBN 149696)
Ashley A. Davenport (SBN 244573)
1500 Rosecrans Avenue, Suite 500
Manhattan Beach, CA 90266
Phone: (310) 802-1500; Fax: (310) 802-0500

Attorneys for Plaintiff ALLAN STEVEN BOREN

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ALLAN STEVEN BOREN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, WARREN A. DOUCET II, Correctional Officer/Case Manager, in his official capacity and in his individual capacity, and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. CV 08-0676 PA<br>[Assigned to Hon. Percy Anderson, Dept. 15]<br><br>**DECLARATION OF DANIEL B. VASQUEZ IN SUPPORT OF PLAINTIFF'S OPPOSITIONS TO DEFENDANT DOUCET'S MOTION FOR SUMMARY ADJUDICATION AND DEFENDANT U.S.'S MOTION TO DISMISS**<br><br>Hearing Date: June 1, 2009<br>Department 15 |

Plaintiff respectfully submits the Declaration of Daniel B. Vasquez in support of Plaintiff's Oppositions to Defendant Doucet's Motion for Summary Adjudication and Defendant United States of America's Motion to Dismiss.

# DECLARATION OF DANIEL B. VASQUEZ

I, DANIEL B. VASQUEZ, declare:

1. I have over 36 years of Correction's experience in the California Department of Corrections and Rehabilitation and have held positions including: Correctional Office; Inmate Case Worker; Inmate Classification Hearing Officer; Parole Agent grades 1 and 2 (Assistant Unit Supervisor PA II); Senior Disciplinary Hearing Officer for inmate Disciplinary Hearings; Supervisor Correctional Counselor III; Supervising Correctional Counselor and Case Manager Supervisor.

2. I have also experience in the day to day management and supervision of Correctional Staff in the following Correctional Facilities and positions of the State of California Department of corrections: Correctional Center Susanville, CA (Program Administrator/Associate Warden); Soledad State prison (Classification & Parole Representative responsible for supervision of the Records office, Classification/Transfer Committee's and Case supervisorial Case Management Correctional Counselor's Grade III, Associate Warden, Deputy Warden, Chief deputy Warden and Warden).

3. I have also served as the Warden of San Quentin State Prison, Chief of Corrections Santa Clara County jails, and Warden of the Correctional Center California City, Corrections Corporation of America (a private Corrections Corporation). I additionally have consulting experience throughout the United States and familiarity with the various state prisons, County jail Corrections agencies and their staff expectations of employment conduct.

4. In preparing my opinion for this declaration I have reviewed:
   a. The First Amended Complaint;
   b. Written notes associated with work performed by Plaintiff for Mr. Doucet;
   c. Documents produced by Plaintiff bate stamp numbers AB000001-AB000130, including a typed marketing business plan, property profile;

        d.      The Standards for Employee Conduct at Terminal Island, Program Statement 3420.09, bate stamp numbers USD12-USD48;

        e.      Portions of the Deposition of Defendant Warren A. Doucet II;

        f.      Portions of the Deposition of Unit Manager Cruz Calderon;

        g.      Portions of the Deposition of Case Management Coordinator Monica Devore;

        h.      The Department of Justice Investigation of Warren A. Doucet, II, bate stamp numbers OIGD1-OIGD91 (however, I make no specific reference to these documents);

        i.      Change Notice, Directive 7310.04 dated 12/16/1998; and

        j.      Program Statement OPI: CPD Number: 3932.08 dated 9/1/1999 Subject: Case Management and Reference Guide.

      5.      The Bureau of Prisons' policies, as articulated the Standards of Employee Conduct, prohibit a Terminal Island employee from forcing an inmate to do personal work on behalf of the Terminal Island employee. If Mr. Doucet had Plaintiff perform personal work for him, it would constitute an improper relationship with an inmate, a violation of Standards of Employee Conduct and, pursuant to those Standards, must be reported by Mr. Doucet.

      6.      The reporting of this type of inappropriate relationship is not only mandatory at Terminal Island pursuant to the Standards of Employee Conduct, but also at every correctional institution I have worked at in California. Further, and based on my 36 years of correctional experience, it is my understanding that this type of mandatory reporting of inappropriate relationships is a policy at all correctional facilities across the United States.

      7.      Further, a correctional supervisor has a duty to report if that supervisor has reason to believe that an employee has an inappropriate relationship with an inmate. Such relationships must be reported. Not only has this been the standard policy at all correctional institutions I have worked at, but it is expressly stated in the

Standards of Employee Conduct. Therefore, if Mr. Calderon had a reason to believe that Mr. Doucet had some inappropriate relationship with Plaintiff, then Mr. Calderon had a duty to report it to one of his supervisors, an assistant Warden, or the Warden of Terminal Island.

8. If Mr. Doucet forced Plaintiff to perform personal work on his behalf, he would have ignored clear and mandatory Terminal Island employee standards and created a conflict of interest between Plaintiff's safe and productive stay at Terminal Island and Mr. Doucet's own personal interests.

9. Such rules precluding inappropriate relationships such as the one between Mr. Doucet and Plaintiff are in place at all correctional facilities I have been associated with. It is my experience that these policies exist, not only to prevent correctional employees from taking advantage of individual inmates, but to protect the inmates themselves. Mr. Doucet's inappropriate relationship with Plaintiff put Plaintiff in jeopardy with the general inmate population at Terminal Island; as such relationships are generally associated with "snitching" or other forms of conduct disliked by the prison inmate population. By creating this impression, Mr. Doucet knowingly put Plaintiff's physical well-being, and possibly his life, in harm's way.

10. In my experience, when an inmate has been put in a similar situation as Plaintiff, we have either had to put them in some form of protected lock-up or they have suffered physical violence at the hands of the general prison population.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 14th day of May, 2009 at Antioch, California.

_____
DANIEL B. VASQUEZ

Standards of Employee Conduct. Therefore, if Mr. Calderon had a reason to believe that Mr. Doucet had some inappropriate relationship with Plaintiff, then Mr. Calderon had a duty to report it to one of his supervisors, an assistant Warden, or the Warden of Terminal Island.

8. If Mr. Doucet forced Plaintiff to perform personal work on his behalf, he would have ignored clear and mandatory Terminal Island employee standards and created a conflict of interest between Plaintiff's safe and productive stay at Terminal Island and Mr. Doucet's own personal interests.

9. Such rules precluding inappropriate relationships such as the one between Mr. Doucet and Plaintiff are in place at all correctional facilities I have been associated with. It is my experience that these policies exist, not only to prevent correctional employees from taking advantage of individual inmates, but to protect the inmates themselves. Mr. Doucet's inappropriate relationship with Plaintiff put Plaintiff in jeopardy with the general inmate population at Terminal Island; as such relationships are generally associated with "snitching" or other forms of conduct disliked by the prison inmate population. By creating this impression, Mr. Doucet knowingly put Plaintiff's physical well-being, and possibly his life, in harm's way.

10. In my experience, when an inmate has been put in a similar situation as Plaintiff, we have either had to put them in some form of protected lock-up or they have suffered physical violence at the hands of the general prison population.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 14th day of May, 2009 at Antioch, California.

*/s/ Daniel B. Vasquez*
DANIEL B. VASQUEZ